UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 22-cr-34-SE-AJ-01 |
| | |
| | Counts 1-3: Mail Fraud |
| v. | (18 U.S.C. § 1341) |
| | |
| | Counts 4-6, 10, 11, 15-17: Aggravated |
| ANTHONY SILVA, | Identity Theft |
| | (18 U.S.C. § 1028A) |
| Defendant | |
| | Counts 7-9, 12-14, 18-21: Wire Fraud |
| | (18 U.S.C. § 1343) |

SUPERSEDING INDICTMENT

The Grand Jury charges:

General Allegations

At all times relevant to this Indictment:

Unemployment Insurance

1. Unemployment Insurance (UI) was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program (PUA), Federal Pandemic Unemployment Compensation (FPUC), and the Lost Wages Assistance Program (LWAP).

2. Each state maintained a state workforce agency that administered a UI program. The Vermont Department of Labor (VDOL) administered the UI program for the State of Vermont.

1

3. The Massachusetts Department of Unemployment Assistance (MA DUA) administered the UI program for the State of Massachusetts.

4. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, Social Security Number (SSN), and mailing address, among other things.

5. State workforce agencies relied on information in the applications to determine UI benefits eligibility and calculate the amount of benefits.

6. Servers for administering the MA DUA UI program were located in Colorado and Virginia.

CARES Act Economic Injury Disaster Loan Program

7. The Economic Injury Disaster Loan (EIDL) program was another source of financial assistance provided by the CARES Act. It provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The EIDL program was administered by the United States Small Business Administration (SBA), an executive branch agency of the United States government that provides support to entrepreneurs and small businesses.

8. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic.

9. To obtain an EIDL, a qualifying business was required to apply to the SBA and provide information about its operations, such as the number of employees and the entity's gross business revenues and cost of goods sold in the 12 months prior to January 31, 2020. The amount of the loan, if approved, was determined based, in part, on the information provided concerning the number of employees, gross revenue, and cost of goods.

10. Any funds issued under an EIDL were issued directly by the SBA. EIDL funds

could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

11. EIDL applications were received by a cloud-based platform through servers located in Iowa.

12. Once a loan was approved, loan documents were sent to the applicant by SBA via DocuSign. DocuSign provided an eSignature service which allowed parties to a contract to digitally sign the documents from a digital device.

13. DocuSign operated its eSignature services on servers located in Washington, Texas and Illinois.

14. Once an applicant signed the EIDL loan documents, the documents were transmitted back to SBA through DocuSign servers.

COUNTS ONE THROUGH THREE
Mail Fraud
18 U.S.C. § 1341
Vermont Unemployment Insurance Fraud

15. Paragraphs 1 through 6 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

The Scheme and Artifice to Defraud

16. From in or around April 2020 through in or around May 2021, in the District of New Hampshire and elsewhere, the defendant, ANTHONY SILVA, knowingly devised and intended to devise a scheme and artifice to defraud VDOL and to obtain money and property from VDOL by means of materially false and fraudulent pretenses, representations, and promises.

17. SILVA applied for UI benefits by fraudulently using identities of other persons. SILVA directed the VDOL to either direct deposit the UI benefits into accounts he controlled or to mail checks to addresses he had access to.

18. If checks were mailed, SILVA would often deposit the UI checks into one of 32 trust accounts he controlled at Citizens Bank.

## The Offenses

19. On or about the dates listed below, in the District of New Hampshire and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and deprive, the defendant,

ANTHONY SILVA,

knowingly caused to be delivered by mail according to the directions thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following matters and things:

| Count | Approximate Date of Mailing | Description of the Matters and Things |
|---|---|---|
| 1 | December 14, 2020 | VDOL UI Check in the amount of $513.00 in the name of D.F. |
| 2 | December 14, 2020 | VDOL UI Check in the amount of $513.00 in the name of E.H. |
| 3 | October 19, 2020 | VDOL UI Check in the amount of $600.00 in the name of V.M. |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS FOUR THROUGH SIX
Aggravated Identity Theft
18 U.S.C. § 1028A

20. Paragraphs 1 through 6 and 16 through 19 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

21. On or about the dates charted below, in the District of New Hampshire and elsewhere, the defendant,

4

ANTHONY SILVA,

did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(c), to wit, mail fraud in violation of 18 U.S.C. § 1341, knowing that the means of identification belonged to another actual person:

| Count | Approximate Date | Means of Identification |
|---|---|---|
| 4 | July 10, 2020 | Name, birthdate, and Social Security number of D.F. |
| 5 | July 13, 2020 | Name, birthdate, and Social Security number of E.H. |
| 6 | July 18, 2020 | Name, birthdate, and Social Security number of V.M. |

All in violation of Tile 18, United States Code, Section 1028A.

COUNTS SEVEN THROUGH NINE
Wire Fraud
18 U.S.C. § 1343
Massachusetts Unemployment Insurance Fraud

Background

22. Paragraphs 1 through 6 and 16 through 18 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

The Scheme and Artifice to Defraud

23. From in or around April 2020 through in or around May 2020, in the District of New Hampshire and elsewhere, the defendant, ANTHONY SILVA, knowingly devised and intended to devise a scheme and artifice to defraud MA DUA, and to obtain money and property from MA DUA by means of materially false and fraudulent pretenses, representations, and promises.

Manner and Means

It was a part of the scheme that:

24. SILVA electronically submitted applications for UI benefits using the identities of other persons.

25. The fraudulent applications submitted by SILVA caused MA DUA to approve UI benefits in the names of many of the applicants submitted by SILVA.

26. SILVA directed the MA DUA to direct deposit the approved UI benefits into accounts that he controlled.

27. SILVA submitted at least 30 fraudulent UI applications to MA DUA. MA DUA paid out at least $150,000 in UI benefits on the applications submitted by SILVA.

The Offenses

28. On or about each of the dates set forth below, in the District of New Hampshire and elsewhere, the defendant,

ANTHONY SILVA,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals described below for each count, each transmission constituting a separate count:

| Count | Date | Victim | Wire |
|---|---|---|---|
| 7 | April 26, 2020 | A.B. | UI Application Submission |
| 8 | April 30, 2020 | R.A. | UI Application Submission |
| 9 | April 30, 2020 | F.C. | UI Application Submission |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TEN AND ELEVEN
Aggravated Identity Theft
18 U.S.C. § 1028A

29. Paragraphs 1 through 6, 16 through 18, and 23 through 28 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

30. On or about the dates charted below, in the District of New Hampshire and elsewhere, the defendant,

ANTHONY SILVA,

did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(c), to wit, wire fraud in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person:

| Count | Approximate Date | Means of Identification |
|---|---|---|
| 10 | April 26, 2020 | Name, birthdate, and Social Security number of A.B. |
| 11 | April 30, 2020 | Name, birthdate, and Social Security number of F.C. |

All in violation of Tile 18, United States Code, Section 1028A.

## COUNTS TWELVE THROUGH FOURTEEN
Wire Fraud
18 U.S.C. § 1343
Credit Card Fraud

31. American Express (AMEX) was a financial services company that offered credit card services.

32. AMEX maintained servers for processing credit card applications in North Carolina with backup servers in Arizona.

### The Scheme and Artifice to Defraud

33. From in and around October 2021 through in and around December 2021, the defendant, ANTHONY SILVA, knowingly devised and intended to devise a scheme and

7

artifice to defraud AMEX, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

Manner and Means

It was part of the scheme that:

34. SILVA applied for AMEX credit cards using personal identifying information of other persons not himself, including their names, Social Security numbers, and dates of birth.

35. AMEX approved several of the applications submitted by SILVA based upon the personal identifying information provided by SILVA.

36. SILVA directed AMEX to mail the credit cards to addresses he could readily access, including his home mailing address in Hampton, New Hampshire.

37. SILVA then used the fraudulently obtained credit cards to make and attempt to make purchases at various local retail stores as well as online stores.

The Offenses

38. On or about each of the dates set forth below, in the District of New Hampshire and elsewhere, the defendant,

ANTHONY SILVA,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 12 | September 22, 2021 | Application in the name of J.F. |
| 13 | September 30, 2021 | Application in the name of C.R. |
| 14 | October 7, 2021 | Application in the name of C.M. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS FIFTEEN THROUGH SEVENTEEN
### Aggravated Identity Theft
### 18 U.S.C. § 1028A

39. Paragraphs 31 through 38 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

40. On or about the dates charted below, in the District of New Hampshire and elsewhere, the defendant,

ANTHONY SILVA,

did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(c), to wit, wire fraud in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person:

| Count | Approximate Date | Means of Identification |
|---|---|---|
| 15 | September 22, 2021 | Name, birthdate, and Social Security number of J.F. |
| 16 | September 30, 2021 | Name, birthdate, and Social Security number of C.R. |
| 17 | October 7, 2021 | Name, birthdate, and Social Security number of C.M. |

All in violation of Tile 18, United States Code, Section 1028A.

## COUNTS EIGHTEEN THROUGH TWENTY-ONE
### Wire Fraud
### 18 U.S.C. § 1343
### CARES Act Fraud

41. Paragraphs 7 through 14 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

### The Scheme and Artifice to Defraud

42. Between on or about July 21, 2020, and continuing through on or about October

9

31, 2020, the defendant,

ANTHONY SILVA,

devised and intended to device a scheme to defraud the SBA, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

Manner and Means

It was part of the scheme that:

43. ANTHONY SILVA applied for EIDLs from the SBA in the names of false and fraudulent businesses using personal identifying information on the loans that was not his own.

44. The information that the defendant provided on the EIDL applications was false and these fraudulent representations were material to the SBA's determinations about whether to approve and disburse the loans.

45. The SBA approved at least four loans submitted by SILVA in the names of false and fraudulent businesses using personal identifying information on the loans that was not his own.

46. The total principal amount of the loans approved and disbursed by the SBA for applications submitted by SILVA was $600,000.

The Offenses

47. On or about each of the dates set forth below, in the District of New Hampshire and elsewhere, the defendant,

ANTHONY SILVA,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the writings, signs, and signals described below for each count, each transmission constituting a separate count:

| Count | Date | Entity | Transmission | Approx. Amount of Loan |
|-------|------|--------|--------------|------------------------|
| 18 | 07/21/2020 | K.B. d/b/a K.B. | Signed EIDL Loan Documents | $150,000 |
| 19 | 07/22/2020 | J.E. d/b/a J.E. | Signed EIDL Loan Documents | $150,000 |
| 20 | 07/22/2020 | P.G. d/b/a P.G. | Signed EIDL Loan Documents | $150,000 |
| 21 | 07/22/2020 | A.B. d/b/a A.B. | Signed EIDL Loan Documents | $150,000 |

All in violation of Title 18, United States Code, Section 1343.

NOTICE OF FORFEITURE

Upon conviction of one or more of the mail or wire fraud offenses set forth in Counts 1-3, 7-9, 12-14, and 18-21 of this Indictment, the defendant, ANTHONY SILVA, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes, or is derived from proceeds traceable to the offense, including, but not limited to a sum of money equal to the proceeds the defendants received as a result of the charged offense.

Upon conviction of one or more of the identity theft offenses set forth in Counts 4-6, 10, 11, and 15-17 of this Indictment, the defendant, ANTHONY SILVA, shall forfeit to the United States, pursuant to 18 U.S.C. § 1028(b), any property involved in the offense, and pursuant to 18 U.S.C. § 982(a)(2)(B), any property, real or personal, which constitutes, or is derived from proceeds traceable to the offense, including, but not limited to a sum of money equal to the proceeds the defendants received as a result of the charged offense.

If any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of

substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All in accordance with 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b), 28 U.S.C. § 2461(c) and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

Dated: December 20, 2023

/s/ Grand Jury Foreperson
Grand Jury Foreperson

JANE E. YOUNG
UNITED STATES ATTORNEY

By: /s/ Alexander S. Chen
Alexander S. Chen
Assistant U.S. Attorney
John J. Kennedy
Assistant U.S. Attorney