UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

United States of America
    Plaintiff,

                                                                           Docket No. 1:22-cr-98

    v.

Anthony Silva,
    Defendant

_____

## **MOTION TO DISMISS AGGRAVATED IDENTIFY THEFT COUNTS**

Anthony Silva moves to dismiss the counts in the superseding indictment that allege Aggravated Identity Theft on grounds that the governing statute, 18 U.S.C. § 1028A(a)(1), is unconstitutionally vague.

As grounds, Mr. Silva states:

1.    He is charged in a superseding indictment with twenty-one counts of criminal conduct involving four alleged fraudulent schemes. As is pertinent to this motion, he is charged in Counts Four through Six, Ten and Eleven, and Fifteen through Seventeen, with Aggravated Identify Theft.

2.    Under 18 U.S.C. § 1028A(a)(1), a person commits Aggravated Identity Theft when he, in relation to any felony listed in § 1028A(c), "knowingly transfers, possesses, or uses, without lawful authority, a means of

1

identification of another person." The list of predicate felony offenses includes mail and wire fraud, which are charged in the superseding indictment.

3. In <u>Dubin v. United States</u>, 599 U.S. 110 (2023), the Supreme Court addressed what it means for a person to "use" another person's identification "in relation to" a predicate felony.

4. The <u>Dubin</u> Court noted that "[t]he Government has, by its own admission, wielded § 1028A(a)(1) well beyond ordinary understandings of identity theft," <u>id.</u> at 115, and the Government argued in <u>Dubin</u> that the statute required it to prove merely that the defendant employed the means of identification in committing the predicate crime in any sense. <u>Id.</u> at 118. The defendant argued that the use of the means of identification had to be at the crux of what made the conduct criminal. <u>Id.</u> The Court sided with the defendant, holding that (a.) the terms "use" and "in relation to" are indeterminate, and (b.) the means of identification had to be at the crux of the underlying criminality. <u>Id.</u> at 121-27. In so holding, the Court noted that a stringent proof requirement was necessary to distinguish "use" from "aggravated use" and thus justify the statute's two-year mandatory minimum penalty. <u>Id.</u> at 129. It also rejected the Government's argument that "[t]here is no reason to mistrust its sweeping reading, because prosecutors will act responsibly." <u>Id.</u> at 131.

5. <u>Dubin</u> bears on whether the Government in this case adequately pled Aggravated Identity Theft, which Mr. Silva will address in another motion. It bears on how a jury should be instructed with respect to the elements of this

offense, which Mr. Silva will also ask the court to address.  However, both of those issues are moot if, as the concurrence of Justice Gorsuch argues, the Aggravated Identity Theft statute is unconstitutionally vague.

6. "The Fifth Amendment provides that '[n]o person shall … be deprived of life, liberty, or property, without due process of law.'  [The Court's] cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 576 U.S. 591, 595 (2015) (citation omitted).  Justice Sotomayor's majority opinion discussed the vagueness of the statute in a linguistic sense, and the boundlessness of its terms.  Justice Gorsuch constitutionalized the argument: "[T]he statute fails to provide even rudimentary notice of what it does and does not criminalize.  We have a term for laws like that.  We call them vague.  And '[i]n our constitutional order, a vague law is no law at all.'" Dubin, 599 U.S. at 133 (quoting United States v. Davis, 139 S.Ct. 2319, 2323 (2019)).

7. Justice Gorsuch disagreed that the majority's attempted limiting construction addressed the overbroad and sweeping potential applications of the statute.  The "crux test" was no solution because "[i]n virtually every fraud, a 'means of identification' plays some critical role in the fraud's success—good luck committing a mail or wire fraud, for instance, without relying heavily on the name of the victim and likely the names of other third parties." Id. at 135; see also id. at 136 (The Court's 'crux' test seemingly offers no sure way through

[a] 'blizzard of … hypotheticals….' Nor is that because I have cherry-picked 'hard cases….' Scenarios like these—and variations of them—illustrate the sorts of problems that invariably arise in even simple § 1028A(a)(1) cases involving bogus restaurant bills."). As did the majority, Justice Gorsuch stressed the importance of a crystal-clear standard where a two-year mandatory sentence is at stake, id. at 137, but concluded, "it is hard not to worry that the Court's 'crux' test will simply become a fig leaf for judges' and jurors' own subjective moral judgments about whether (as the Court itself puts it) the defendant's crime is 'one that warrants a 2-year mandatory minimum.'" Id. at 138.

8. The Aggravated Identity Theft statute is unconstitutionally vague – even with the majority's "crux" gloss – because it fails to "guard[] against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges." Sessions v. Dimaya, 138 S.Ct. 1204, 1212 (2018) (citations omitted); see also United States v. Abdelaziz, 68 F.4th 1, 28 (1st Cir. 2023) (same). Thus, while Mr. Silva will address the potential pleading and instructional issues that Dubin raises, the court need not reach them. The statute is, as Justice Gorsuch argues, unconstitutionally vague, and the court should strike the counts alleging Aggravated Identity Theft.

9. Because this motion is potentially dispositive as to eight counts in the indictment, and the issue is novel,[1] Mr. Silva requests a hearing on the motion.

WHEREFORE, Mr. Silva requests that the court:

a. Hold a hearing on this motion; and

b. Dismiss the Aggravated Identify Theft Counts in the superseding indictment.

Respectfully submitted,

ANTHONY SILVA

By his attorney,

ROTHSTEIN LAW LLC

By: /s/ David M. Rothstein
David M. Rothstein, N.H. #5991
100 High Street
Exeter, N.H.  03833
(603) 580-3980
rothsteindm@outlook.com

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of this motion on the Assistant United States Attorney this 29 day of January, 2024, via ECF.

/s/ David M. Rothstein
David M. Rothstein

---

[1] The argument has been addressed and rejected in United States v. Iannelli, No. CR 22-10069-NMG, 2023 WL 7165109, at *3 (D. Mass. Oct. 31, 2023).