UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|                          |   |                 |
|--------------------------|---|-----------------|
| UNITED STATES OF AMERICA | ) |                 |
|                          | ) |                 |
| v.                       | ) |                 |
|                          | ) | No. 22-cr-34-SE |
| ANTHONY SILVA,           | ) |                 |
|                          | ) |                 |
| Defendant                | ) |                 |
|                          | ) |                 |

## GOVERNMENT'S OBJECTION TO MOTION TO DISMISS, MOTION TO QUASH, AND MOTION TO "ESTABLISH IDENTITY THEFT DEFINITION"

The defendant is charged with 21 counts stemming from four fraud schemes, all involving the use of stolen or false identities to procure money and benefits. Among those 21 counts are eight counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

The defendant has moved to dismiss and "quash" the 1028A charges, arguing that the (1) statute is unconstitutionally vague (ECF No. 73) and (2) charges are improperly pled (ECF No. 74). He also moved for the parties to "file their proposed definitions of Aggravated Identity Theft." (ECF No. 75). For the following reasons, the motions to dismiss and quash should be summarily denied. The Government also requests the Court deny the motion for a definition of Aggravated Identity Theft, as the definition is plainly captured in the statute and the First Circuit's model jury instructions. To the extent the defendant disputes the instructions, he may file his own set of jury instructions closer to trial.

I.  **The Motion to Dismiss as Unconstitutionally Vague**

The defendant first moves to dismiss the 1028A counts as unconstitutionally vague in light of *Dubin v. United States*, 599 U.S. 110 (2023). [ECF No. 73] In *Dubin*, the defendant was convicted for overbilling Medicaid. *Id.* at 113. He was also convicted for aggravated identity

1

theft because he used patients' Medicaid reimbursement numbers in his fraud. *Id.* at 115. The Supreme Court vacated the 1028A convictions. In the process, it rejected a broad reading of the statute that criminalizes "the use of [a] means of identification" if it "facilitates or furthers the predicate offense in some way." *Id.* at 117. The Court explained this was too broad and could cover conduct that "bears little resemblance to any ordinary meaning of identity theft." *Id.* at 122. The Court ultimately held that the statute applied when the defendant's use of another person's means of identification was at "the crux of what makes the conduct criminal." *Id.* at 131. In "fraud or deceit crimes," "the means of identification specifically must be used in a manner that is fraudulent or deceptive." *Id.* at 132. "Such fraud or deceit going to identity can often be succinctly summarized as going to 'who' is involved." *Id.*

In his motion, the defendant glosses over the majority opinion. Instead, he relies entirely on Justice Gorsuch's concurring opinion. Justice Gorsuch expressed his personal view that the aggravated identity theft statute is unconstitutionally vague because it "fails to provide even rudimentary notice of what it does and does not criminalize." *Id.* at 133 (Gorsuch, J., concurring). In doing so, Justice Gorsuch walked through various purported everyday hypotheticals that he argued would result in absurd applications of the statute. *Id.* at 133-39.

Regardless of the merits of Justice Gorsuch's opinion, it is black-letter law that the views of a single Justice are not controlling when his or her vote is not needed to form a majority. *See B.H. ex rel. Hawk v. Easton Area Sch. Dist.*, 725 F.3d 293, 310 (3d Cir. 2013). This is especially true when the other eight Justices expressly reject the concurrence. The *Dubin* majority explained, "The concurrence's bewilderment is not, fortunately, the standard for striking down an Act of Congress as unconstitutionally vague." *Dubin*, 599 U.S. at 132 n.10. Indeed, post-*Dubin*, a handful of defendants have raised similar arguments which have been uniformly

rejected. *See e.g.*, *United States v. Gladden*, 78 F.4th 1232, 1247 (11th Cir. 2023) ("Under [the *Dubin* majority's guidance], we decline to find that Section 1028A is unconstitutionally vague."); *United States v. Demasi*, No. 22-cr-20670, 2023 WL 6701998, at *6 (E.D. Mich. Oct. 12, 2023); *United States v. Iannelli*, -- F. Supp. 3d --, 2023 WL 7165109, at *3 (D. Mass. Oct. 31, 2023) ("[I]n any event, the *Dubin* Court cast significant doubt on future void-for-vagueness challenges to 18 U.S.C. § 1028A.").

## II. The Motion to Quash

The defendant also moves to "quash" the aggravated identity theft counts on the basis that the superseding indictment failed to allege that the defendant's misuse of the stolen identities was "at the crux" of the fraud. [ECF No. 74 at 4] Nowhere did the Supreme Court require that the Government expressly plead that identity theft be at the crux of the fraud. The *Dubin* Court simply held that Section 1028A applies only when "a genuine nexus" exists between the use of a means of identification and the predicate offense. 599 U.S. at 117. To that end, district courts may evaluate whether the defendant's misuse of an identity "fits within the ordinary meaning of identity theft." *United States v. Sheppard*, No. 22-cr-20290, 2024 WL 68293, at *7 (S.D. Fla. Jan. 5, 2024); *see also Iannelli*, 2023 WL 7165109, at *3 (denying motion to dismiss 1028A charge where defendant used signature stamp, "falsely representing the identity of the parent to procure funds to which she was not entitled.").

Here, the defendant's argument is contrary to the plain language of the superseding indictment. Specifically, the superseding indictment alleged:

- That the defendant "applied for [Vermont] UI benefits by fraudulently using identities of other persons." Superseding Indictment ¶ 17;

3

- That the defendant used, without lawful authority, "a means of identification of another person" in connection with Vermont UI fraud. *Id.* ¶ 21;

- That the defendant "electronically submitted applications for [Massachusetts] UI benefits using the identities of other persons." *Id.* ¶ 24;

- That the defendant used, without lawful authority, "a means of identification of another person" in connection with Massachusetts UI fraud. *Id.* ¶ 30;

- That the defendant "applied for AMEX credit cards using personal identifying information of other persons not himself, including their names, Social Security numbers, and dates of birth." *Id.* ¶ 34;

- That the defendant used, without lawful authority, "a means of identification of another person" in connection with AMEX fraud. *Id.* ¶ 40.

Thus, the superseding indictment made clear that the crux of the case is that the defendant used victims' identities repeatedly to execute fraud schemes. *See Demasi*, 2023 WL 6701998, at *2-6 (denying motion to dismiss aggravated identity counts for lack of specificity where indictment included "enough factual specificity to place Defendant on notice of the specific offense charged."). He obtained significant funds and benefits in the names of other persons. This plainly falls within the permissible application of the aggravated identity theft under *Dubin*. 599 U.S. at 132 (specifying that the statute applies when the defendant misrepresents "'who' is involved"). If this does not fall within the scope of the aggravated identity theft statute, then nothing will. Indeed, post-*Dubin*, federal appellate courts have upheld 1028A convictions for similar or lesser misconduct. *See United States v. O'Lear,* 90 F.4th 519, 533 (6th Cir. 2024) (affirming 1028A convictions where defendant "forged the signatures of a physician and an x-ray technician to make it appear as if these individuals had ordered or conducted the x-rays he

billed for."); *United States v. Croft,* 87 F.4th 644, 648-49 (5th Cir. 2023) (affirming 1028A convictions where defendant misrepresented which instructors would teach at a K-9 school to obtain contracts).[1]

### III. The Motion for a Definition of Aggravated Identity Theft

Finally, the defendant moved for the Court to direct the parties to file definitions of aggravated identity theft. [ECF No. 75] It is somewhat unclear what the defendant is seeking. The meaning of aggravated identity theft is spelled out in the statute (18 U.S.C. § 1028A) and in the First Circuit model jury instructions (Instruction 4.18.1028A). To the extent this is an attempt to shape jury instructions for trial, it is premature and the defendant may reraise this claim closer to trial.

### IV. Conclusion

For the foregoing reasons, the Government respectfully requests the Court deny the motion to dismiss and motion to quash the aggravated identity theft counts. The Government also requests the Court deny the motion for the parties to file "definitions" of aggravated identity theft.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: January 31, 2024          By:    /s/ Alexander S. Chen
                                        Alexander S. Chen
                                        John J. Kennedy
                                        Assistant U.S. Attorneys
                                        53 Pleasant Street, 4th Floor
                                        Concord, New Hampshire 03301
                                        (603) 225-1552

---

[1] In any event, even if the Court agreed that the Government needed to specify that the misuse of identities was "at the crux" of the underlying fraud schemes, as the defendant acknowledges, the remedy is simply that the Government "may pursue a second superseding indictment." [ECF No. 75 at 2]

5

Alexander.chen@usdoj.gov
John.kennedy2@usdoj.gov