# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                                                Case No. 22-cr-34-SE

Anthony Silva

## O R D E R

On February 5, 2024, the defendant appeared for a release revocation hearing pursuant to 18 U.S.C. § 3148. The parties agreed to proceed by proffer. Following the hearing, the court issued its ruling orally from the bench and explained the basis for the court's decision to revoke the defendant's release. The court's oral ruling is incorporated herein by reference.

For all of the reasons stated on the record, and based on the evidence presented at the hearing, the court found probable cause to believe that the defendant has committed a federal, state, or local crime while on release and that no condition or combinations of conditions of release will assure that the defendant will not flee or pose a danger to the safety of other person or the community, see 18 U.S.C. § 3148(b)(1)(A) and (2)(A), and that revocation of release is warranted. The conditions of release are therefore revoked and the defendant is ordered detained.

A request to revoke release is governed by 18 U.S.C. § 3148(b), which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -
>
> (1) finds that there is -
>
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>     (B) clear and convincing evidence that the person has violated any other condition of release; and

>    (2) finds that -
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)-(2). The government has the initial burden to establish the violation under 18 U.S.C. § 3148(b)(1). If the government establishes probable cause to believe that the defendant committed a new "felony" offense while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2).

For all of the reasons stated on the record, the court finds that the government met its burden under 18 U.S.C. § 3148(b)(1)(A) of establishing probable cause to believe that the defendant has committed a federal, state, or local crime while on release. Specifically, the court found that there is probable cause to believe that the defendant committed the federal crime of concealment money laundering under 18 U.S.C. § 1956(a)(1)(B)(i) when he transferred criminal proceeds from accounts at JP Morgan Chase to accounts at TD Bank, moved money between and among the TD Bank accounts, and cashed certain money orders he purchased with criminal proceeds that falsely listed James Miller and James Spencer as the payors and marked "rent" in the memo line. As a result, a rebuttable presumption arose that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2). The court considered the defendant's argument and his proffered evidence, did not find it plausible, and concluded that it did not rebut the presumption. The court further found that no condition or combination of conditions of release

will assure that the defendant will not flee because it credited the government's evidence that the defendant has access to tens of thousands of additional dollars in criminal proceeds. Revocation and detention are warranted.

Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Samantha D. Elliott
United States District Judge

Date: February 7, 2024

cc: Counsel of Record
     U.S. Probation
     U.S. Marshal